LLOYD ENGELSMA, d.b.a. McCARRON HILLS SHOPPING CENTER, v. SUPERIOR PRODUCTS MANUFACTURING COMPANY.

212 N. W. 2d 884.

November 30, 1973—No. 43810.

*Gainsley, Squier & Gainsley* and *Phillip Gainsley,* for appellant.

*Fredrikson, Byron, Colborn, Bisbee, Hansen & Perlman* and *James L. Baillie,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Kelly, JJ.

PER CURIAM.

The issue raised on this appeal is whether a landlord's so-called floating lien or a contract vendor's conditional sales contract has priority with respect to the property of a bankrupt tenant. The trial court held that the vendor's purchase money security interest prevails and we affirm.

The case was presented on a stipulation of facts without taking testimony. On August 19, 1965, plaintiff Lloyd Engelsma's predecessor in interest as landlord executed a lease with Carl Hillesland and Irene Hillesland as tenants of a restaurant known as Tony's Night Club, located in McCarron Hills Shopping Center. The relevant section of that lease is as follows:

"Article XVI.

REMEDIES

\* \* \* \* \*

"Section 5.  LANDLORD is hereby given a first lien upon all property of TENANT which shall come in or be placed upon the leased premises and whether acquired by TENANT before or after the date hereof to secure the payment of rent and the performance of each and every other covenant herein contained to be performed by TENANT; upon such default, and failure to cure as aforesaid, LANDLORD, without notice or demand, may take possession of and sell such property without legal process of any kind, at public or private sale after one publication of a notice

thereof in a daily newspaper published in the county where the leased premises are situated, not less than ten (10) days before such sale; the proceeds of such sale shall be applied first to the payment of expenses thereof, second to the discharge of the rent or other liability hereunder unpaid, and the balance, if any, to be held for the account of TENANT."

On July 1, 1966, the Uniform Commercial Code went into effect in Minnesota. On July 18, 1966, defendant, Superior Products Manufacturing Company (Superior), entered a conditional sales contract with the Hilleslands for the sale of bar equipment. That contract, together with a financing statement, was recorded with the register of deeds under the name of "Tony's Night Club" on August 22, 1966. On July 25, 1969, Superior filed a copy of its conditional sales contract and a financing statement with the secretary of state under the name of "Tony's Night Club." Plaintiff's lease was filed with the register of deeds on December 26, 1969. Superior repossessed property covered by its conditional sales contract on August 3, 1970, and realized $4,800 from the sale of that property. On December 14, 1970, plaintiff brought this action against Superior for conversion. The trial court found in favor of Superior.

Plaintiff's principal argument focuses on the inadequacy of notice afforded by Superior's filing its contract in the name of "Tony's Night Club" rather than in the name of Mr. and Mrs. Hillesland. For reasons set forth in the trial court's memorandum, the court did not find it necessary to pass on this issue, nor do we. We find the trial court's memorandum persuasive and adopt its reasoning.

Under Minn. St. 336.10—102(2), transactions entered before July 1, 1966, are governed by the preCode provisions of the law. The prior statute, therefore, establishes plaintiff's rights under his lease. Under Minn. St. 1961, § 511.01, plaintiff's security interest as mortgagee was valid as against third parties without notice only if the mortgage was filed before such third party's

interest attached.[1] Since plaintiff's lease was not recorded when Superior entered its initial sales contract with the Hilleslands, Superior's contract had priority over plaintiff's mortgage.

If priority were to be determined by the Uniform Commercial Code, the same result would be required. Superior's contract is a purchase money security interest as defined by § 336.9—107(a). Because Superior failed to attach a financing statement as required by § 336.9—302(1), in that the statement did not include the signatures of the parties specified by § 336.9—402(1), its contract constituted an unperfected security interest.

Although plaintiff's lien under his lease was valid under § 336.9—204(3), his failure to file a financing statement with the secretary of state as required by § 336.9—401(1)(c) prevented plaintiff from perfecting his security interest.

Where neither party has perfected his security interest, § 336.9—312(5) determines priority between conflicting interests in the same collateral. The trial court held that paragraph (c) of subsection (5), which gives priority "[i]n the order of attachment," applied. Superior argues that paragraph (b), which provides priority "[i]n the order of perfection," should apply. Having repossessed by replevin proceedings and having sold the property in question, Superior has perfected its security interest by the terms of § 336.9—305.[2] Although the court was

---

[1] Minn. St. 1961, § 511.01, provides as follows: "Every mortgage of personal property shall be void, as against the creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith, unless it appears that such mortgage was executed in good faith, and not for the purpose of hindering, delaying, or defrauding any creditor of the mortgagor, and unless, in addition thereto, the giving of such mortgage is accompanied by immediate delivery, and followed by actual and continued change of possession of the mortgaged property, or, in lieu thereof, the mortgage is filed as hereinafter provided."

[2] We are not to be understood as construing Minn. St. 336.9—305 of the Uniform Commercial Code to permit a secured party to perfect his security interest by taking possession of his collateral wrongfully. The taking obviously must be by lawful means, as it was in the instant case.

of the opinion that Superior's security interest attached when the conditional sales contract was entered, and plaintiff's interest did not attach until the property was actually on the premises, under either theory Superior was entitled to priority. The judgment of the trial court is accordingly affirmed.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.