**In the Matter of Anna Margaret MEFFORD, Debtor.**

**Anna Margaret MEFFORD, Plaintiff,**

**v.**

**AVCO FINANCIAL SERVICES OF INDIANAPOLIS, INC., Defendant.**

**Bankruptcy No. 81–797–NA.**
**Adv. No. 81–0401.**

United States Bankruptcy Court,
S. D. Indiana,
New Albany Division.

March 16, 1982.

Harold E. Ford, Madison, Ind., for plaintiff.

Thomas E. Everitt, Scottsburg, Ind., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

MICHAEL H. KEARNS, Bankruptcy Judge.

This matter came on for hearing at New Albany, Indiana, on November 17, 1981, upon the respective Motions of the parties for Judgment on the Pleadings. Harold Ford of Madison, Indiana appeared for plaintiff/debtor. Thomas E. Everitt of the firm of Everitt, Houston & Thompson, of Scottsburg, Indiana, appeared for defendant/creditor. The parties waiv⋅d formal presentation of evidence. The Court having considered the parties' motions, memoranda and arguments, now makes the following Findings of Fact, Conclusions of Law and Order:

### FINDINGS OF FACT

1. That on or about November 22, 1977, debtor executed a promissory note secured by a real estate mortgage to plaintiff.

2. That said mortgage purported to encumber certain real estate in Jefferson County, Indiana, which was owned by debtor and her husband, J. R. Mefford, as tenants by the entireties.

3. That upon default in payment upon said note, Avco filed a foreclosure action in the Jefferson Circuit Court, Cause No. 7969.

4. The Jefferson Circuit Court, by decree dated March 26, 1981, found that although the note and mortgage purported to bear the signature of J. R. Mefford, that in fact he did not subscribe his signature on those instruments.

5. The state court held that although there was no present interest in debtor to which the mortgage lien of Avco could attach, that if debtor should become the "sole, separate, and exclusive owner" of said real estate, then the mortgage lien might attach to her "sole separate vested interest" and might be foreclosed to satisfy the judgment which the Court awarded against debtor on the promissory note.

6. Debtor filed her Voluntary Petition in Bankruptcy under Chapter 7 of the Bankruptcy Code on April 21, 1981.

7. On July 2, 1981, debtor filed this adversary proceeding for avoidance of lien under the "Bankruptcy Act." The Petition is signed by debtor and notarized by Harold E. Ford. Debtor does not couch her Petition under any particular section of the Code, and her theory is unclear from the Complaint. Subsequently, by Proposed Findings of Fact and Conclusions of Law submitted with her Motion for Judgment on the Pleadings, plaintiff appears to be advancing the theory either that a mortgage by only one of two tenants by the entireties is void under state law, or that since there is no present res to which the plaintiff's lien can attach, the discharge of the debt in bankruptcy will extinguish the power of the lien to attach at a subsequent date. The latter presumes there is no exception to discharge under 11 U.S.C. § 523(a). The first theory is not articulated. No authority is advanced for the second theory.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and subject matter by reason of the Bankruptcy Code of 1978.

2. Any effort by the debtor to attack the judgment of the state court that the lien of Avco may attach at a later date is barred by reason of the doctrine of collateral estoppel.

3. Debtor has not specifically requested declaratory judgment with regard to the issue of the effect of a discharge in bankruptcy on a lien which does not presently attach. Nor has the debtor briefed this issue. The Court concludes that this is not an appropriate case for declaratory relief or for a declaration of rights.

4. The Court is constrained to consider whether there are any provisions under the Bankruptcy Code which might allow the debtor to avoid a lien under the facts presented.

5. The Code provides under 11 U.S.C. 522(f)(1) that debtor may avoid the fixing of a judicial lien on property of the debtor to the extent it impairs exemptions. The Court concludes that the lien of Avco is an equitable lien arising out of the conduct of the debtor in executing the real estate mortgage on November 2, 1977, rather than a judicial lien as defined by 11 U.S.C. 101(27) arising out of the judgment of the Jefferson Circuit Court on March 26, 1981.

6. Under 11 U.S.C. 522(h) the debtor has certain of the trustee's avoiding powers, including those under § 544. If a mortgage by one of the two tenants by entireties is void or avoidable under state law, then the trustee might avoid the transfer to benefit the estate. § 522(g), however, prohibits the debtor from exempting recovered property where the mortgage was given voluntarily. This is nothing more than a statutory expression of the doctrine of equitable estoppel. In the last analysis, the Bankruptcy Court is a Court of Equity which must do justice to all interested parties, *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). Justice and equity cannot countenance a situation under which a debtor receives substantial value from a creditor, executes a promissory note and real estate mortgage, then seeks to avoid the lien of that mortgage solely for her own benefit, rather than for that of her estate when the execution of the mortgage was her own voluntary act.

## ORDER

It is therefore ORDERED, ADJUDGED AND DECREED that the debtor's Petition to Avoid be, and hereby is DENIED.