In the Matter of Timothy A. COLBY and Linda D. Colby, Debtors.

**Bankruptcy No. MM7–82–01031.**

United States Bankruptcy Court, W. D. Wisconsin.

Sept. 15, 1982.

William J. Rameker, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for debtors.

James Lagodney, Loeb, Ching & Lagodney, S.C., John Heibl, Heibl, Heibl & Crisafi, Madison, Wis., for creditor Robert D. Copas.

## MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

A hearing on the application of Robert D. Copas for relief from the stay imposed by 11 U.S.C. § 362 for the purpose of continuing a pending law suit against the debtors in the circuit court for Dane County Wisconsin was heard on August 27, 1982. Briefs for both parties were filed thereafter. Copas claims as cause for the relief sought that he should be able to continue the state court action to determine whether, according to Wisconsin law, his having supplied a major portion of the purchase price of Colbys' home under agreements which lack the formal requisites of conveyances or mortgages entitle him to any form of equitable lien or charge upon the title of the Colbys' residence.

Upon all of the record in this case and the representations of counsel made at the hearing on the application I am dubious as to whether Copas has even a modest likelihood of prevailing on the claims made in the state court action. Were it not for the decision in *Northern Pipeline v. Marathon Pipe Line,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), I would believe that the only appropriate procedures for determining this issue would be in the bankruptcy court by an adversary proceeding for the determination of lien status or by an objection to the secured claim of Copas. However, the *Marathon* case has placed in doubt all jurisdiction of the bankruptcy court over disputes involving other than purely public rights. The rights here considered are at their center those historically governed by state law. The rights exist irrespective of federal grant or legislation, and independent of bankruptcy laws. Thus, despite the close connection between Copas' claim for secured status in bankruptcy and the subject matter of the state court suit, I am not so confident of the bankruptcy court's jurisdiction since June 28, 1982, as to require that Copas pursue his claim only in this court. There is a strong probability that for this court to rule on such an issue is or as of October 4, 1982 will be, an unconstitutional exercise of jurisdiction. It naturally follows that if there is at issue a private right under the definition employed by the plurality of the court in *Marathon,* the party asserting that right should be afforded the opportunity to have the right determined expeditiously in state court. A pretrial hearing is scheduled in the state court action on September 17, 1982. A full hearing on Copas' application could not be had prior to that time and probably could not be completed prior to October 4, 1982.

The Colbys contend that even if a court holds that Copas has an equitable interest, or if Copas prevails in having the documents reformed for the purpose of creating a lien in the Colby's property, that interest or lien will be voidable as a judicial lien under 11 U.S.C. § 522(f)(1). I find no compelling support nor has any precedent been cited for that position. Whether an equitable lien is a judicial lien within the meaning of 11 U.S.C. § 522(f)(1) is an issue which has not yet been decided by this court. Although the Code definition of "judicial lien" 11 U.S.C. § 101(27) is a broad one, not every lien or interest that is recognized by a court is necessarily a judicial lien. A judicially recognized equitable mortgage would seem clearly to fall outside the definition.

Given the undetermined and unspecified nature of Copas' interest in the property, it

would be premature for the court to address the question of 11 U.S.C. § 522(f)(1)'s application to this case. If the state court determines that Copas does have an equitable interest in the property, this court can then consider whether 11 U.S.C. § 522(f)(1) may be constitutionally applied to avoid that interest.[1]

Upon the foregoing which constitute my findings of fact and conclusions of law,

IT IS HEREBY ORDERED that the stay imposed by 11 U.S.C. § 362 upon Robert D. Copas shall be modified to permit the continuation of his law suit against Timothy A. and Linda D. Colby in the circuit court for Dane County Wisconsin for the following single limited purpose: to determine what interest, if any, Robert D. Copas has in the real estate owned by Timothy A. Colby and Linda D. Colby at 5950 Mayhill Drive, Madison, Wisconsin, more particularly described as Lot 454, Eighth (8th) Addition to Meadowood, City of Madison, Dane County, Wisconsin.

IT IS FURTHER ORDERED that any effort to determine the personal liability of Timothy A. and Linda D. Colby, or any effort to obtain or enforce a personal judgment against either of them by Robert D. Copas shall be specifically stayed for the duration of the stay imposed under 11 U.S.C. § 362(a).

**1.** The Seventh Circuit has held that 11 U.S.C. § 522(f)(2) may be constitutionally applied to avoid consensual security interest acquired before Nov. 6, 1978. *In the Matter of Gifford*, 688 F.2d 447, 9 B.C.D. 730, 3 Bankr.L.Rep. (CCH) ¶ 68,792 (7th Cir. *en banc* Aug. 18, 1982). The *Gifford* court was not presented with an attempt to avoid a judicial lien under 11 U.S.C. § 522(f)(1), so the constitutionality of that application of the section remains uncertain.