**In re Troy Alan SANDERS, d/b/a S & S Construction, Debtor.**

**Bankruptcy No. 85–11990.**

United States Bankruptcy Court, D. Kansas.

April 17, 1986.

J. Michael Gillaspie, Jochems, Sargent & Blaes, Wichita, Kan., for debtor.

David J. Lund, Coombs & Standlee, Wichita, Kan., for Central Bank and Trust Co.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

This case is before the Court on the debtor's motion to avoid the lien of the Central Bank and Trust Company on tools and equipment used in his construction business and the Bank's objection to the lien avoidance. The debtor is represented by J. Michael Gillaspie and the Bank is represented by David J. Lund.

## FINDINGS OF FACT

The debtor owns power and hand tools and other equipment which he uses in his construction business. The value of the tools and equipment is less than $5,000.

In November, 1984 the Bank loaned the debtor $2,000. To secure the loan, the Bank took a security interest in all the debtor's machinery and equipment. The security agreement provided that upon default, the Bank had the right to:

> Repossess the Collateral, and remove the Collateral from the premises of the Debtor. For purposes of removal and repossession, Lender may enter upon, without legal process, any premises of the Debtor or any other place where the Collateral may be found; provided however, Lender shall not take possession by entry into a dwelling.

The Bank perfected the security interest by filing financing statements with the Register of Deeds of Sedgwick County, Kansas and with the Secretary of State in Topeka. The debtor and the Bank renewed the loan on December 28, 1984. The renewed loan was secured by the same security interest. The parties have stipulated that this was not a purchase money loan.

The debtor defaulted on the loan and the Bank filed an action in the District Court of Sedgwick County, Kansas. The court granted a default judgment in favor of the Bank on September 30, 1985 and on October 19, the Bank levied execution and seized the following tools of the debtor:

1 "Blackhorse" trailer

1 "Emglo" air compressor

1 table saw with no motor in table (same as "Craftsman" 10″ table saw)

1 Finish nail gun (same as "Sendo" SFN–1 finish nail gun)

1 "Skill" 7¼″ power saw

1 cement nail gun (Same as "Hilto" cement nail gun)

1 "Saws-All" in carry case (actually is only empty case)

1 "Impac" drill (Same as "Rockwell" 4″ jointer)

1 planer (same as "Rockwell" 4″ jointer)

Finish sander (same as "Black & Decker" pad sander)

Transit on a tripod (not property of debtor, belongs to a third party)

Small hand tools

Miscellaneous nails, bolts, etc.

Compressed air operated staple gun (same as "Paslode" 1″ crown stapler)

The Bank still has possession of these tools. The Bank had not completed the statutory requirements for sale of the tools when the debtor filed a chapter 7 petition on October 21, 1985. The debtor claimed the tools as exempt and filed a motion to avoid the Bank's lien under 11 U.S.C. § 522(f).

## CONCLUSIONS OF LAW

Title 11 U.S.C. § 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

The parties have stipulated that but for the Bank's lien the tools would be exempt under Kansas law. See K.S.A. § 60–2304(5) and K.S.A. § 60–2312.

The sole issue is whether the Bank's lien on the repossessed tools is a possessory or non-possessory security interest. Only nonpossessory security interests are subject to lien avoidance under 11 U.S.C. § 522(f)(2)(B).

The Bank's security interest was nonpossessory when the security agreement was signed. The debtor contends that the nonpossessory security interest did not become a possessory security interest because the Bank obtained possession of the collateral through judicial process. The Court disagrees.

■ Title 11 U.S.C. § 101(43) defines a security interest as a "lien created by an agreement." Subsection (30) defines a judicial lien as one "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." Subsection (45) defines a statutory lien as one arising solely by statute. The three categories are mutually exclusive. *In Re Jones*, 13 B.R. 945, 947 (Bankr.E.D.Pa.1981).

■ Enforcement of a consensual lien through judicial process does not convert the lien from a security interest to a judicial lien. It is the origin of the creditor's interest rather than the means of enforcement that determines the nature of the lien. See *Matter of Colby*, 23 B.R. 142, 143 (Bankr.W.D.Wis.1982); *Matter of Mefford*, 18 B.R. 853, 855 (Bankr.S.D.Ind.1982); *In Re Miller*, 8 B.R. 672 (Bankr.N.D.Iowa 1981); *In Re Ribiero*, 7 B.R. 359, 361 (Bankr.D.Mass.1980). The Bank's security interest was not converted to a judicial lien by the Bank's resort to judicial process. The lien was created by written agreement between the debtor and the Bank as recited in the security document.

The Bank's right to possession was also created by agreement rather than by judicial process. The security agreement provided that upon default, the Bank had the right to take possession of the collateral. That right did not originate with the judgment.

■ Research reveals two cases on point, *Matter of Wood*, 13 B.R. 245 (Bankr. E.D.N.C.1981) and *In Re McFarland*, 38 B.R. 370 (Bankr.N.D.Iowa 1983), aff'd. 38 B.R. 374 (N.D.Iowa 1984). In both cases, the creditors took a nonpossessory security interest in otherwise exempt property, and later took possession of the collateral. Both courts held that the liens were nonpossessory because the creditor did not obtain possession by voluntary agreement. This Court, however, does not find *Wood* and *McFarland* persuasive. In those cases, the courts did not consider the standard security agreement provision giving creditors the right to take possession upon default.

The debtor contends that pledges, in which the creditor takes possession of the collateral at the start of the transaction, are the only possessory security interests. The Court disagrees.

A creditor's rights and duties with respect to collateral in its possession are the

same whether the creditor had possession from the start, or took possession upon default. See K.S.A. § 84–9–207, Official Comment ¶ 4 to K.S.A. § 84–9–207 states: "This section applies when the secured party has possession of the collateral before default, as a pledgee, and also when he has taken possession after default." See K.S.A. § 84–9–501(1). A nonpossessory security interest may become a possessory security interest.

The Court therefore concludes that the Bank's nonpossessory security interest became a possessory security interest when the Bank took possession of the collateral. The Bank's possessory security interest is not subject to lien avoidance under 11 U.S.C. § 522(f). The debtor's motion for lien avoidance is denied.

IT IS SO ORDERED.