**In re Jerry R. SHEPLER, Grace E. Shepler, Debtors.**

**Bankruptcy No. EU7–86–02661.**

United States Bankruptcy Court, W.D. Wisconsin.

Aug. 20, 1987.

Alan D. Moeller, Black River Falls, Wis., for debtors.

Daniel R. Freund, Eau Claire, Wis., for The Bank of Holmen.

MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

Jerry Shepler (debtor) by Alan D. Moeller, has filed a motion to avoid liens on certain office equipment, including an IBM computer, pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). The Bank of Holmen (Bank) appears by Daniel R. Freund and objects to the motion. Telephonic hearings were held in this matter on February 10, 1987, and April 29, 1987. The issue of whether the Bank has a nonpossessory security interest in property that can be avoided has been submitted to the Court for determination through briefs.

The debtor borrowed $3,000 from the Bank and executed a note with respect to such obligation on November 27, 1985. The note was renewed on February 10, 1986, and again on May 23, 1986. The debtor granted the Bank a security interest in an IBM computer and other office furnishings as collateral for the loan. The Bank filed a financing statement in Jackson County on December 3, 1985, in an attempt to perfect its security interest in the collateral. The Bank did not file a financing statement with the Secretary of State for the State of Wisconsin. The debtor became delinquent on his obligation to the Bank. On September 24, 1986, the Bank filed a replevin complaint, and on October 21, 1986, default judgment was entered in favor of the Bank. The Bank took lawful possession of the collateral on October 24, 1986.

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 27, 1986. On October 29, 1986, the Bank filed a notice of application for abandonment of the subject property. A hearing on abandonment was held on December 15, 1986. At the hearing the debtor withdrew his objection to the abandonment apparently due to an agreement that the Bank would not use the abandonment as a defense to a lien avoidance motion, and an order of abandonment was entered on December 19, 1986. The debtor filed a motion to avoid the Bank's lien on the subject property pursuant to 11 U.S.C. § 522(f) on December 30, 1986.

Initially it appears that the debtor did not relinquish, waive, or otherwise release any rights to the subject property with respect to this lien avoidance motion by allowing the order of abandonment to be entered. This is due to the fact that the parties entered into a specific agreement to this effect prior to the order of abandonment being entered.

The single and narrow issue now presented is whether the debtor is precluded from avoiding liens on property that has been replevied prior to the filing of the bankruptcy petition and which is in the possession of the secured party.

Initially, the debtor contends that he could have avoided the transfer of the property to the Bank by exercising the avoidance provision of § 522(h) of the Bankruptcy Code. The debtor, however, has not filed a motion or initiated an adversary proceeding to avoid the transfer of property to the Bank. *See,* Bankruptcy Rule 7001. It is questionable whether the debtor could prevail in a § 522(h) action. Regardless, the court will not speculate as to the result of a proceeding that the debtor did not commence.

The debtor attempts to use the lien avoidance provision contained within § 522(f)(2) of the Bankruptcy Code. This section provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—

(2) a *nonpossessory,* nonpurchase-money security interest in any—

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; (emphasis added)

The debtor carries the burden of proving that the lien may be avoided. *In re Sherwood,* 79 B.R. 399, 400 (Bankr.W.D.Wis. 1986). "[T]he debtor must bear the burden

of persuasion on all elements necessary to avoid a lien under section 522(f)." *In re Weinbrenner*, 53 B.R. 571 (Bankr.W.D. Wis.1985).

The issue presented is whether the Bank's security interest is nonpossessory so that the debtor may utilize the lien avoidance provision of § 522(f) to avoid the security interest of the Bank. The Bank contends that it is in possession of the property subject to its security interest and, hence, the security interest is not "nonpossessory."

The difficulty in this case arises from the lack of a definition of the term "nonpossessory security interest." Under the Uniform Commercial Code and the law of secured transactions in the State of Wisconsin possession may serve both as a method by which a security interest attaches and as a method by which a security interest is perfected. A security interest in goods and equipment *attaches* when all of the following events have occurred:

  a.  1.  the collateral is in the *possession* of the secured party pursuant to agreement or

      2.  the debtor has signed a security agreement which contains a description of the collateral.

  b.  value has been given, and

  c.  the debtor has rights in the collateral.

Wisconsin Statutes § 409.203.

A security interest in property like the subject collateral can be perfected by:

  1.  filing a financing statement in the proper place, or

  2.  the secured party taking possession of the collateral.

Wisconsin Statutes § 409.302.

Both parties appear to agree that the subject property was purchased for the debtor's business and constitutes office furnishings and equipment. Therefore, the proper place to file a financing statement in order to perfect a security interest in the collateral would have been with the Secretary of State for the State of Wisconsin. Wisconsin Statutes § 409.401(1)(c). The financing statement that the Bank filed in Jackson County did not serve to perfect its security interest in the property. However, the Bank did have a valid security interest that attached at the time the security agreement was executed and the loan was extended. Wisconsin Statutes § 409.201. When the Bank legally took possession of the collateral upon the default of the debtor the Bank perfected its security interest in the property. *Raleigh Industries of America, Inc. v. Tassome*, 141 Cal.Rptr. 641, 22 U.C.C.Rep.Serv. 1235, 1241 (Cal.Ct.App.1977). Thus, the Bank held a perfected security interest in the collateral prior to the filing of the bankruptcy petition. The court would note that the Bank took possession of the property in accordance with the laws of the State of Wisconsin. *See*, Wisconsin Statutes §§ 409.503 and 425.203.

The debtor maintains that the Bank only holds a nonpossessory security interest in the property even though the property is in the possession of the Bank. The debtor argues that a "nonpossessory security interest" within the meaning of § 522(f) of the Bankruptcy Code applies to all security interests except those that "attach" through "possession of the collateral by the secured party pursuant to agreement." *See*, Wisconsin Statutes § 409.203. The debtor contends that the possessory nature of a security interest for the purposes of § 522(f) of the Bankruptcy Code is determined at the time of "attachment." The debtor argues that a subsequent possession of property by a secured party does not alter the original nonpossessory nature of a security interest so as to prevent a debtor from avoiding a lien.

The debtor implicitly argues that one of the purposes of § 522(f) is to enable debtors to make a meaningful fresh start by allowing them to retain possession of certain tools that are necessary to carry on a trade or business. The debtor further would argue that the Bankruptcy Code excepts nonpossessory security interests from this lien avoidance provision for the reason that if a debtor has voluntarily transferred possession of property to another party it is unlikely that such property is necessary for the debtor's trade or pro-

fession. The reasoning behind this exception for nonpossessory security interests from lien avoidance would not be applicable in a situation where a secured party has taken possession of collateral without the affirmative voluntary assent of the debtor just prior to the filing of a bankruptcy petition. Hence, the debtor argues that "nonpossessory" as used in § 522(f) of the Bankruptcy Code is intended to exclude only that property which a debtor has voluntarily relinquished to a creditor as security for an obligation.

The debtor cites the cases of *In re Wood,* 13 B.R. 245 (Bankr.E.D.N.C.1981) and *In re McFarland,* 38 B.R. 370 (Bankr.N.D.Iowa 1983) in support of his position. These cases hold that it is the original nature of a security interest at the time it attaches that determines whether it is a "nonpossessory" security interest within the meaning of § 522(f). They hold that the taking possession of collateral by a secured party upon the default of a debtor is not "pursuant to voluntary agreement" and does not serve to constitute a possessory security interest that would preclude the application of the lien avoidance provision of § 522(f) of the Bankruptcy Code.

The Bank, of course, disagrees with the debtor's contentions. The Bank argues that when a party with a security interest in property also has possession of such property, then the security interest is possessory and not subject to the lien avoidance provision of § 522(f). The Bank further argues that when it took possession of the property subject to its security interest upon the default of the debtor it was pursuant to agreement. The Bank contends that it is implicit in a security agreement, unless otherwise specified, that upon default by a debtor a secured party may proceed to obtain possession of the property securing the obligation. *See* Wisconsin Statutes §§ 409.503 and 425.205. The debtor knew at the time he entered into the security agreement that should he default under his loan obligation the Bank could exercise its legal rights to seek recovery from the property securing the obligation. The debtor voluntarily entered into the security agreement because he wished to induce the Bank to extend a loan to him. The Bank extended a loan to the debtor in reliance upon the security agreement entered into between the debtor and the Bank which granted the Bank a security interest in the subject property.

The Bank cites the case of *In re Sanders,* 61 B.R. 381 (Bankr.D.Kan.1986) in support of its position. The court in *Sanders* held that when a Bank took possession of collateral upon the default of a debtor, it obtained a possessory security interest in the collateral. "The Bank's nonpossessory security interest became a possessory security interest when the Bank took possession of the collateral." *In re Sanders,* 61 B.R. 381, 384 (Bankr.D.Kan.1986). The *Sanders* court explicitly rejected the reasoning in *McFarland* and *Wood* on which the debtor places reliance. The court noted the standard provision implicit in a security agreement giving a creditor the right to take possession of collateral upon default.

This court is in accord with the reasoning in *Sanders.* The debtor voluntarily entered into a security agreement with the Bank wherein the debtor granted the Bank a security interest in the subject property in exchange for a loan by the Bank. Implicit in this agreement was the Bank's right to lawfully take possession of the collateral upon the default of the debtor. The debtor did in fact default on his loan obligation. The Bank brought an action of replevin in state court and a judgment of replevin was entered in favor of the Bank. The Bank then lawfully took possession of the collateral. The Bank has a possessory security interest in the collateral.

It is the conclusion of the court that the Bank's "security interest is possessory" and the motion of the debtor to avoid the Bank's lien should accordingly be denied.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.