In re Loren Elmer SCHULTZ, a/k/a Loren E. Schultz, d/b/a Loren Schultz Construction and Carole Rae Schultz, a/k/a Carole R. Schultz, a/k/a Carole Schultz, husband and wife, Debtors.

Bankruptcy No. X88–01110S.
Contested Nos. 68244, 68245.

United States Bankruptcy Court,
N.D. Iowa, W.D.

Jan. 13, 1989.

A. Frank Baron, Sioux City, Iowa, for debtors.

Cynthia Moser, Sioux City, Iowa, for Crawford County Trust & Sav. Bank.

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matters before this court are the debtors' motion to avoid liens and the mo-

tion for relief from automatic stay filed by Crawford County Trust & Savings Bank (BANK). Bank has filed an objection to the motion to avoid liens. The debtors have filed a resistance to the motion for relief from automatic stay. A hearing was held on these motions on December 7, 1988 in Sioux City, Iowa.

The court now issues this ruling which shall constitute findings of fact and conclusions of law pursuant to Bankr.R. 7052.

These are core proceedings under 28 U.S.C. § 157(b)(2)(B), (G).

### FINDINGS OF FACT

The parties have stipulated to the following facts which this court now adopts as its findings:

1. Debtors executed and delivered the following promissory notes to Bank evidencing loans made by Bank to Debtors:

   a. Promissory Note # 95374, dated July 30, 1982 in the amount of $147,229.73, ...;

   b. Promissory Note # 95397, dated July 30, 1982 in the amount of $55,000.00, ...;

   c. Promissory Note # 95398, dated July 30, 1982 in the amount of $26,500.00, ...;

   d. Promissory Note # 95399, dated July 30, 1982 in the amount of $127,200.55, ...;

   e. Promissory Note # 95400, dated July 30, 1982 in the amount of $31,839.07, ...;

   f. Unnumbered Promissory Note dated July 30, 1982 in the amount of $46,025.30, ...:

2. As security for the aforementioned loans, Debtors granted Bank a security interest in, *inter alia*, all fixtures and equipment owned by them. Said equipment is listed on Debtors' Schedule B–2k.

3. Bank's security interest in said equipment was perfected by the execution and delivery of a Security Agreement, Exhibit "G", by Debtors to Bank, and the filing of a financing statement, Exhibit "H", with the Iowa Secretary of State.

4. Debtors are in default on the loans evidenced by Promissory Notes, Exhibits "A" through "F", inclusive.

5. Following Debtors' default but prior to the filing of Debtors' bankruptcy petition, Bank foreclosed its mortgages on certain real property owned by Debtors, including a commercial building where the equipment at issue was stored. Bank purchased said real property at the sheriff's sale and, upon receipt of a Sheriff's Deed, changed the locks on the commercial buildings.

6. By changing the locks, Bank peacefully repossessed the equipment subject to its security interest. Said repossession was without Debtors' permission, except to the extent they consented to Bank's right to take possession of its collateral upon default in the Security Agreement, Exhibit "G". Said equipment remains in Bank's possession.

7. The amount owed by Debtors to Bank exceeds the current fair market value of the equipment in Bank's possession.

### I.

Debtors seek by 11 U.S.C. § 522(f)(2)(B) to avoid Bank's security interest in exempt equipment.

Bank resists contending that its security interest in the equipment is not avoidable because it is possessory. Bank seeks relief from the automatic stay so it may pursue its rights in the collateral.

It is undisputed that Bank has a security interest in the equipment and that the equipment is exempt property. The nub of the dispute is whether Bank's security interest is a nonpossessory security interest within the meaning of 11 U.S.C. § 522(f)(2)(B).

If it is nonpossessory, the lien should be avoided and the motion for relief from stay denied. If the security interest is possessory, then the lien should not be avoided under 522(f)(2)(B), and the motion for relief from stay should be granted.

On two prior occasions, it has been decided in this district that a nonpossessory

security interest cannot be made possessory within the meaning of the lien avoidance statute as a result of the creditor obtaining possession by judicial action.[1] Bank appropriately points out that in neither case was there a finding that the security agreement contained a clause granting the right of possession to the secured party upon default by the debtor.

In the case *sub judice*, the security agreement contains the following language on page 2 (Exhibit G):

"EVENTS OF DEFAULT—REMEDIES. Upon the happening of any of the following events or conditions namely: (i) default in the payment or performance of any of the Obligations or of any covenants or liability contained or referred to herein or in any note evidencing any of the Obligations; (ii) any warranty, representation or statement made or furnished to the Secured Party by or on behalf of the Debtor in connection with this agreement or to induce the Secured Party to make a loan to the Debtor proving to have been false in any material respect when made or furnished; (iii) loss, theft, substantial damage, destruction, sale or encumbrance to or any of the Collateral, of the making of any levy, seizure or attachment thereof or thereon; (iv) death, dissolution, termination of existence, insolvency, business failure, appointment of a receiver of any part of the property of, assignment for the benefits of creditors by, or the commencement of any proceedings under any bankruptcy or insolvency laws by or against Debtor or any guarantor or surety for the Debtor thereupon, or at any time thereafter (such default not having previously been cured) or for any other reason the Secured Party may deem the prospect of payment, performance, or realization of Collateral is significantly impaired, *the Secured Party at its option may declare all of the Obligations to be immediately due and payable and shall then have the remedies of a secured party*

*under the Commercial Code of Iowa, or other applicable law, including without limitation thereto, the right to take possession of the Collateral.* The Secured Party may require the Debtor to make the Collateral available to the Secured Party at a place to be designated by the Secured Party which is reasonably convenient to both parties. Unless the Collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market the Secured Party will give the Debtor at least ten days' prior written notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made. Expenses of retaking, holding, preparing for sale, selling or the like shall be paid from the proceeds of the Collateral.

(Emphasis added.)

Bank argues that such language coupled with its pre-petition peaceful repossession of the collateral gives Bank a possessory security interest on the date of bankruptcy. Bank cites two cases in support of this position: *In re Shepler*, 78 B.R. 217 (Bankr.W.D.Wis.1987); *In re Sanders*, 61 B.R. 381 (Bankr.D.Kan.1986).[2]

This court could find only one case taking the opposite viewpoint: *Meadows v. Farmers & Merchants National Bank of Stanley, Virginia (In re Meadows)*, 75 B.R. 357 (Bankr.W.D.Va.1987). It takes the position that the court should analyze how the security agreement initially attached—whether it was intended that security interest should be possessory at that time. *Id.* at 360.

## II.

A pledge of collateral to secure debt, although an ancient form of secured transfer, is now dealt with by the U.C.C. (Iowa Code Ch. 554, Article 9). Perfection of security interest by possession is treated

---

1. *In re Sobolik*, No. 86–01880W, Contested No. 1507, slip op. (Bankr.N.D.Iowa, Feb. 23, 1987); *In re Lawrey*, No. 86–02399F, Contested No. 70699, slip op. (Bankr.N.D.Iowa, Aug. 13, 1987).

2. *See also* B. Weintraub & A. Resnick, *Bankruptcy Law Manual*, § 4.08[3], at 4–42 (Rev.Ed. 1986).

by Iowa Code § 554.9305. Iowa Code § 554.9203(1)(a) governs the attachment and enforceability requirements of security agreements. Security interests in certain types of collateral may be perfected only by possession. Others may be perfected only by filing. An intermediate class may be perfected by possession or filing. It is this latter type of collateral with which we deal with in this contested matter.

■■■ For a security interest in possessible collateral to attach and become enforceable, there must be either a written security agreement covering the collateral or possession of the collateral by the secured party pursuant to an oral agreement. Iowa Code § 554.9203(1)(a).

Perfection of the security interest in possessible collateral takes place (if no financing statement is filed) when the interest has attached and when the secured party obtains possession of the collateral. Iowa Code § 554.9305. Thus taking possession of such collateral is generally always an act of perfection. But see *Engelsma v. Superior Products Manufacturing Co.*, 298 Minn. 77, 212 N.W.2d 884, 886 n. 2 (1973) (wrongful repossession insufficient to perfect). In order for possession to effect attachment of the security interest, it must be by agreement. *See* White & Sommers, *Uniform Commercial Code*, § 23–10 at 935 (2d Ed.1980).

### III.

Federal law determines the availability of lien avoidance. *In re Graettinger*, 95 B.R. 632, 634 (Bankr.N.D.Iowa, 1988).

The Bankruptcy Code does not define "nonpossessory" or "possessory." There is little Congressional history as to why the "nonpossessory" requirement was placed in 11 U.S.C. § 522(f)(2)(B). It was not in the House version of the proposed Act.[3] However, it was in the Senate version.[4] A compromise was reached between the House and Senate containing the "nonpossessory" addition to § 522(f)(2). This court could find no explanation for the addition.

One treatise explains that "[t]he possessory exclusion protects the pawnbroker's lien; ..." 1 Norton Bankruptcy Law and Practice § 26.42 at 33 (1981).

This court believes that 11 U.S.C. § 522(f)(2)(B) was intended to permit lien avoidance only on those items of collateral necessary for debtor's post-petition fresh start. Those items which a debtor relinquishes possession of to obtain a loan are ostensibly not necessary pre-petition or post-petition to the debtor's household, health, or trade. They were originally or by subsequent agreement voluntarily transferred as security to the secured party's possession.

■■■ Therefore, in order to create a possessory interest not avoidable by 11 U.S.C. § 522(f)(2)(B), there must be an agreement between the parties that the secured party will possess the collateral and pursuant to that agreement, the secured party must possess the collateral. Possession must be a function of the agreement. Possession may be by the original security agreement or by a subsequent agreement.

■■■ Where the parties originally enter into a nonpossessory security agreement perfected by filing, a clause giving the secured party right to possess the collateral upon default does not render the security interest possessory within the meaning of 11 U.S.C. § 522(f)(2)(B) where the secured party repossesses the equipment by self-help or by judicial action.

■■■ In the case at bar, was Bank's security interest in the equipment possessory by virtue of the security agreement clause previously quoted?

The court believes that it was not. That clause gives the secured party a right to possess the collateral upon default by the debtors. That same right or remedy is provided to the secured party under Iowa Code § 554.9501. It is in the nature of a remedy. The agreement itself so states.

The Schultzes, on about May 18, 1978, signed a written security agreement and

---

**3.** H.R. 8200, 95th Cong., 1st Sess. (1977).

**4.** S. 2266, 95th Cong., 2d Sess. (1977).

**72**

Bank perfected its security interest in the collateral described therein by the filing of a financing statement. There is no evidence that at the outset of the agreement, the parties intended a possessory security interest. It was intended that possession of the collateral remain with the debtors.

Bank repossessed the collateral much later when it obtained title and possession of the location where the equipment was stored. It is stipulated that Bank's repossession was without debtors' permission.

This court believes that it was the original intention of the parties to create a nonpossessory security interest. The security agreement merely acknowledged the secured party's right to possession upon default. No subsequent agreement altered that intent. This court declines to follow *In re Sanders* or *In re Shepler* as it is more persuaded by the reasoning of *In re Meadows*.

This decision does not answer the question of whether a voluntary surrender of collateral after default would create such a possessory security interest.

### CONCLUSIONS OF LAW

The security interest of Bank in the exempt machinery and equipment of debtors is a nonpossessory security interest within the meaning of 11 U.S.C. § 522(f)(2)(B).

### ORDER

IT IS THEREFORE ORDERED that the security interest of Bank in the exempt machinery and equipment of debtors is avoided. Bank's motion for relief from stay as to this property is denied.

SO ORDERED.