**In re Jean–Paul R. RIVET, Debtor.**

**Bankruptcy No. 90–12189.**

United States Bankruptcy Court,
D. Rhode Island.

April 1, 1991.

---

Robert A. Mitson, Jarret & Mitson, Inc., Woonsocket, R.I., for debtor.

David E. Roux, pro se.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., trustee.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on February 19, 1991 on the Motion of the Debtor, Jean–Paul R. Rivet, to Void Judicial Lien, and on creditor David E. Roux, Esq.'s objection thereto.

The relevant facts are as follows: Roux commenced a State Court civil action against Rivet, his former client, for non-payment of a bill for legal services; on October 29, 1990, the Rhode Island Seventh Division District Court entered a default judgment against Rivet, and Roux obtained a judgment lien in the amount of $3,428.18. To satisfy the lien Roux obtained an execution, and on November 30, 1990, pursuant to the execution, a constable seized Rivet's 1986 Ford Pickup truck, which was delivered to and still is stored at Interstate Towing and Storage. On December 10, 1990 Rivet filed his Chapter 7 petition.

At issue is whether a debtor, pursuant to 11 U.S.C. § 522(f)(1), may avoid a judgment lien, where the creditor has seized the debtor's property, but not yet taken all of the statutory steps to satisfy the judgment, as of the date of filing of the bankruptcy petition.

## DISCUSSION

When a petition is filed, an estate is automatically created which consists of everything owned by the debtor. 11 U.S.C. § 541. *See* H.R.Rep. No. 595, 95 Cong., 2d Sess. 177 (1978), U.S.Code Cong. and Admin.News 1978, at 5787. However, under §§ 522(b) and (d) of the Bankruptcy Code, the debtor may move to set aside certain property as exempt, and if the claimed exemption is proper, the property re-vests in the debtor. 11 U.S.C. §§ 522(b), (d); *In re McConchie*, 94 B.R. 245 (Bankr.D.Mass. 1988). Moreover, if a judicial lien impairs an exemption to which the debtor is entitled, § 522(f)(1) allows the debtor to avoid the lien, to the extent that it impairs such exemption, and this is what Rivet seeks as to Roux's judgment lien on his vehicle.

■ Initially, we must consider whether the seized property was part of the debtor's estate as of the date of filing. We refer to applicable state law regarding judgment liens and executions, in making this determination. *In re Gibbons*, 52 B.R. 861, 863 n. 4 (Bankr.D.R.I.1985) ("the federal court should endeavor to give deference to the state rule on a point at issue"). After levy and execution, Rhode Island law requires an officer to keep possession of

the debtor's seized property.[1] R.I.GEN. LAWS § 9–26–12. Pursuant to said statute, before the property can be sold to satisfy a judgment lien, the officer must advertise the property at least ten days prior to the proposed sale. *Id.* During this period, the debtor has the right to pay the debt and have the property returned. *Id.* When Rivet filed his bankruptcy petition, ten days after the seizure, the sale had not occurred, nor had a sale been advertised. Therefore, as of the date of the petition, Rivet still had a legal interest in the vehicle under § 541,[2] in that he had the statutory right to pay the amount due (which is about half of the vehicle's stipulated value), and thereby regain possession.

■ The second step in our analysis requires whether, and to what extent, Rivet's claimed exemption is correct. In their joint pretrial order the parties stipulate that the market value of the vehicle is $6,400. Under § 522(d)(2), Rivet's interest in the vehicle, not to exceed $1,200, can be claimed as exempt by him. 11 U.S.C. § 522(d)(2). Also, pursuant to § 522(d)(5) (the so-called

"wild card" exemption) Rivet may exempt an additional $400 of his aggregate interest in the vehicle, "plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection." 11 U.S.C. § 522(d)(5).[3] Since Rivet has not otherwise used any of his exemption under paragraph (1) of § 522(d), he may apply up to $3,750 as a "spillover" exemption. Thus, under § 522(d) Rivet is entitled to $5,350 in exemptions.

Since Roux's lien is clearly a "judicial lien" within the meaning of the Bankruptcy Code, 11 U.S.C. § 101(32),[4] and since it impairs Rivet's exemption to the extent of $5,350, Roux's judgment lien may be avoided, to the extent that it impairs that exemption (*i.e.* $5,350).

■ Roux also argues, however, that because his judgment lien was "fixed," and since he had seized the vehicle prior to the filing, the avoidance powers of § 522(f)(1) are not available to Rivet. Our reading of § 522(f)(1) precludes agreement with his contention.[5] There is no support for the

1. R.I.GEN.LAWS § 9–26–12 states:

> **9–26–12. Retention of goods levied on by officer**—In all cases when execution shall be levied on any goods or chattels, such goods and chattels shall be kept in the possession of the officer and shall be advertised at least ten (10) days before they shall be exposed and offered for sale, in order that the person who owned such goods or chattels may, if he think fit, pay the money due, together with the costs which shall have accrued thereon, and thereupon have his said goods or chattels restored to him again; ....

2. Alternatively, if we found that Rivet did not have an interest in the vehicle as of the date of filing, the Chapter 7 trustee could assert that the involuntary transfer of Rivet's vehicle, ten days before commencement of the case, is a voidable preference under § 547(b), which provides:

> ... the trustee may avoid any transfer of an interest of the debtor in property—
>
> .    .    .    .    .    .
>
> (4) **made**—
> (A) on or within 90 days before the date of the filing of the petition;

Here, however, the trustee has elected not to assert a preference action, because Rivet, through his exemption, would receive most of the benefit of his efforts, while the expense to prosecute a preference action would exceed any possible recovery for the estate. In effect, the

Trustee has made an informal abandonment, for the practical reason that there would be a negative economic benefit to the estate.

3. Under paragraph (1) of § 522(d), the debtor is allowed an exemption of his aggregate interest in real or personal property that the debtor or a dependent uses as a residence up to the value of $7,500. Prior to the 1984 amendments, any or all of the unused homestead exemption could be applied to other property, and a debtor owning no real estate could, pursuant to § 522(d)(5), apply the entire unused $7,500 homestead exemption to any property in an unrestricted manner. In 1984, however, this "spillover" exemption was cut back to $3,750. *See* 3 *Collier on Bankruptcy* ¶ 522.14 (15th ed. 1990).

4. Section 101(32) provides: " 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

5. Roux asserts that *In re Shepler*, 78 B.R. 217 (Bankr.D.Wis.1987) supports the contention that Rivet is precluded from avoiding the judgment lien under § 522(f)(1). The *Shepler* court held that when a party with a security interest has gained lawful possession of the property in which it has an interest, under § 522(f)(2) that interest becomes "possessory and not subject to lien avoidance." That case turned on whether the creditor's security interest was possessory or

argument that § 522(f) excludes liens which have been "fixed" prior to the filing. *In re Danella*, 42 B.R. 268, 270 (Bankr.D. R.I.1984); *see also In re Lumpkins*, 12 B.R. 44 (Bankr.D.R.I.1981). Critical to this discussion is the fact that all the steps necessary to satisfy Roux's judicial lien, specifically advertisement and sale of the vehicle, had not been accomplished prior to the filing date. R.I. GEN.LAWS § 9–26–12.

 The Debtor argues that Roux should be responsible for the towing as well as the storage fees that have been accruing since November 30, 1990. We reject this argument because Roux was legally pursuing his right to collect a debt when the petition was filed, and since that time the automatic stay has precluded Roux from doing anything regarding this vehicle. Since all of Roux's actions occurred pre-petition, there are no circumstances to suggest, on any grounds, that Roux should be responsible for the towing and storage charges. Accordingly, we find Rivet is liable for said charges which, pursuant to § 105, we have limited to $750.[6]

Finally, Roux's judicial lien remains partially secured, to the extent of the value of the vehicle in excess of Rivet's allowable exemption. Because the time and associated expense necessary to hold a public sale of the vehicle are prohibitive, in light of the amount in controversy, and since the equities herein favor Roux, we order Rivet to pay Roux $1,050, within 30 days of this Order. $1,050 is the value of the vehicle in excess of the Debtor's exemption. If Rivet fails or declines to comply with this direction, then without further order, Roux is authorized to take possession of and sell the vehicle, in order to recover the $1,050, and to pay the balance of the proceeds of such sale to Rivet, less the associated costs and expenses.

Accordingly, it is ORDERED that:

(1) Rivet's motion to avoid Roux's judicial lien is GRANTED, to the extent that said lien impairs Rivet's $5,350 exemption;

(2) Based upon the stipulated value of the vehicle ($6,400), Rivet is ordered to pay $1,050 to Roux, within 30 days;

(3) Rivet is responsible for the towing and storage charges, which are determined to be $750;

(4) The balance of Roux's claim in excess of $1,050 is discharged.

Enter Judgment consistent with this opinion.

nonpossessory. A possessory security interest is created by the agreement between the parties. *See In re Schultz*, 101 B.R. 68, 71 (Bankr.N.D. Iowa, 1989) (declining to follow *Shepler*); *In re Meadows*, 75 B.R. 357 (W.D.Va.1987). "[I]n order to create a possessory interest not avoidable by 11 U.S.C. § 522(f)(2), there must be an agreement between the parties that the secured party will possess the collateral and pursuant to the agreement, the secured party must possess the collateral." *In re Schultz*, 101 B.R. at 71. The courts in *In re Shepler* and *In re Schultz* emphasized the function of the agreements between the parties. Therefore, despite their differences, the analysis provided by *In re Shepler* and *In re Schultz* does not apply to the present case because the lien at issue was created by judicial action and not by agreement.

6. Pursuant to our specific order, Interstate Towing and Storage was notified of the February 19, 1991 hearing, but elected not to appear. Based upon all of the circumstances, we rule that the amount due to Interstate for towing and storage is $750 and that upon tender of that amount, Interstate is ordered to release the vehicle.