In re HUGO KEY & SON, INC., Debtor.

HUGO KEY & SON, INC., Plaintiff,

v.

PRECAST STRUCTURES,
INC., Defendant.

Bankruptcy No. 91–10066.
Adv. No. 91–0010.

United States Bankruptcy Court,
D. Rhode Island.

July 2, 1991.

Richard Nadeau, Jr., Nadeau & Gavin, P.C., Providence, R.I., for debtor/plaintiff.

John W. Geismar, Isaacson & Raymond, P.C., Lewiston, Me., for defendant.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on Hugo Key & Son, Inc.'s Complaint for Turnover of Property pursuant to 11 U.S.C. § 542, and on Precast Structures, Inc.'s Answer, as well as Precast's Motion for Instructions. Upon consideration, and for the following reasons, it is ORDERED that Hugo Key's complaint for turnover, is GRANTED.

The relevant facts, in summary, are as follows: Precast brought suit against Hugo Key pursuant to the Miller Act, 40 U.S.C. § 270a(a) and (d), after Key failed to pay for certain labor and materials. Thereafter, following negotiations, Key and Precast on June 4, 1990 agreed to the entry of a consent judgment whereby Key admitted liability, and agreed to pay Precast $29,000, in fourteen monthly installments. The judgment also provided that if Key fails to make payments as promised, Precast "may have execution for the balance unpaid, interest and costs, and including the continued accrual of $100.00 per day penalty...." Key defaulted, and on December 11, 1990 Precast obtained a Writ of Execution in the amount of $44,188.20. Eight days later, on December 18, Key's property, including construction equipment, vehicles and tools, was seized by Precast in partial satisfaction of its judgment. On January 11, 1991, Key filed a Chapter 11 petition, together with the instant complaint wherein it seeks to recover the seized property.

At issue is whether the pre-petition seizure left the Debtor divested of all interest in the property, as of the date of its petition.

Subject to certain exceptions, which are not relevant here, when an execution is issued by a federal court, state law (regarding execution and seizure) governs. 7 J. MOORE, W. TAGGART & J. WICKER,

MOORE'S FEDERAL PRACTICE ¶ 69.04 (2d ed. 1991); FED.R.CIV.P. 69. In *In re Rivet*, 125 B.R. 704, 706 (Bankr.D.R.I.1991) we held, and reiterate here, that under Rhode Island's execution and seizure statute, R.I.GEN.LAWS § 9–26–1 *et seq.*, the debtor retains an interest in property seized pre-petition, if the property has not been sold prior to the filing of the bankruptcy petition. Under Rhode Island law, even after seizure, the debtor still has the statutory right to pay the amount due the creditor and to have the property returned, any time before the property is sold. R.I.GEN.LAWS § 9–26–12. This right to redeem is a property interest that is protected by § 542.[1]

Here, the seized property was merely in Precast's possession at the commencement of this bankruptcy case, and mere possession, without total consummation of the execution process, did not completely divest Key of a protectable interest in the property. In similar circumstances, the United States Supreme Court ordered that the debtor's property, seized prepetition by the IRS, be returned to the bankruptcy estate, pursuant to § 542. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In *Whiting Pools* the Court reasoned that the mere seizure of the debtor's property prior to bankruptcy did not transfer ownership to the IRS, and that under § 542, the seized items were still property of the estate as of the date of the petition. *Id.* at 210, 103 S.Ct. at 2316. "In effect, § 542 grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings." *Id.* at 207, 103 S.Ct. at 2314.

Based upon the foregoing, we hold here that Precast must return to the bankruptcy estate all property seized pursuant to the Writ of Execution, as to which it had not fully completed the levy and execution process, at the date of filing.

1. If, under applicable State law, the seizure alone operated to transfer ownership to Precast, then § 542(a) would not govern. *See United*

Enter Judgment consistent with this opinion.

*States v. Whiting Pools, Inc.*, 462 U.S. 198, 209, 103 S.Ct. 2309, 2315–16, 76 L.Ed.2d 515 (1983).