In re James Nyle **FERGUSON** & Bonnie Ferguson, Debtors.

James N. **FERGUSON**, Plaintiff,

v.

**CENTRAL NATIONAL BANK OF JUNCTION CITY, KANSAS,** Defendant.

Bankruptcy No. 85–40760. Adv. No. 85–0223. Civ. No. 86–4102–S.

United States District Court, D. Kansas.

Oct. 21, 1986.

---

Lynn D. Lauver, Topeka, Kan., for plaintiff.

Anne L. Baker, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for amicus curiae The Kansas Bankers Assn.

Bruce J. Woner, Cosgrove, Webb & Oman, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on appeal by Central National Bank (appellant) of a bankruptcy court order directing appellant to turn over certain repossessed goods to the trustee in bankruptcy. The Bankruptcy Court for the District of Kansas, in *Ferguson v. Central National Bank,* No. 85–0223, slip op. (Bankr.D.Kan. March 12, 1986), held that a defaulting debtor's right of redemption of repossessed property gave the debtor a sufficient legal interest in the property to constitute "constructive possession" by the debtor, thus enabling the debtor to exempt the property pursuant to federal and state bankruptcy laws. The appellant argues that this finding was erroneous and raises various other objections to the bankruptcy court's ruling. The Kansas

Bankers Association has participated in this appeal through its submission of an *amicus curiae* brief.

■ Under 28 U.S.C. § 158(a), district courts of the United States have jurisdiction to hear appeals from final orders of bankruptcy judges entered in cases arising under section 157 of the Bankruptcy Code. An order to turn over property of the estate is a final order that is expressly included as a core proceeding under 28 U.S.C. § 157(b)(2)(E). An appeal from an order rendered in a core proceeding is governed in the same manner as an appeal in a civil proceeding taken to the United States Court of Appeals from the district court. 28 U.S.C. § 157(c). The standard of review in an appeal from the bankruptcy court is as follows:

> On an appeal, the district court or a bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy to judge the credibility of the witnesses.

Bankruptcy Rule 8013. *See In Re Reid,* 757 F.2d 230, 233–34 (10th Cir.1985). "When reviewing factual findings, an appellate court is not to weigh the evidence or reverse the finding because it would have decided the case differently.... A trial court's findings may not be reversed if its perception of the evidence is logical or reasonable in light of the record." *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 400 (10th Cir.1986) (citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985)). The clearly erroneous standard does not apply to the bankruptcy court's conclusions of law. "It is appropriate for the district court to review *de novo* the bankruptcy court's legal determinations." *In re Branding Iron Motel, Inc.,* 798 F.2d at 399–400.

## I. FINDINGS OF FACT & BANKRUPTCY PROCEEDINGS

None of the bankruptcy court's findings of fact are clearly erroneous, and this court will adopt them. The appeal raises issues beyond the scope of the bankruptcy court's factual findings, however, and it will be necessary to expand somewhat on the circumstances giving rise to this appeal.

On January 21, 1985, the appellant loaned James Ferguson (appellee) over $19,000 for business purposes, with the appellant taking a non-possessory, nonpurchase money, security interest in the appellee's car and various household goods. The appellant immediately and properly perfected its security interest in the property. Soon thereafter, the appellee defaulted on the loan. On March 5, 1985, the appellant forwarded notice of the right to cure default to the appellee. After appellee's failure to cure default, the appellant repossessed the property on April 24 and May 20, 1985. The property was repossessed without a breach of the peace. The appellant sold the car, but before it could sell the household items, on July 12, 1985, the appellee filed Chapter 7 bankruptcy.

The appellant still has possession of the property, but the appellee listed the property in his bankruptcy petition and sought to exempt the property pursuant to 11 U.S.C. § 522(b). This Code provision allows debtors to choose certain exemptions listed in the Code in the absence of state law prohibiting such a choice. Under Kansas law, an individual debtor may not opt for the Code's enumerated exemptions, but instead may only elect those exemptions provided by Kansas statutes. K.S.A. 60–2312. The relevant Kansas statute is K.S.A. 60–2304(1), which provides:

> Every person residing in this state will have exempt from seizure and sale upon any attachment, execution or other process issued from any Court in this State, the following articles of personal property:
>
> (1) The furnishings, equipment. and supplies, including food, fuel and clothing, for the person which is in the per-

son's present possession and is reasonably necessary at the principal residence of the person for a period of one year.

The parties subsequently initiated three legal matters before the bankruptcy court. First, on September 27, 1985, the appellant filed its objection to the appellee's claimed exemptions. Second, on October 7, 1985, by filing a complaint in the bankruptcy court, the appellee initiated an adversary action against the appellant, in which appellee demanded that appellant turn over the household goods. The appellant never filed a formal answer to this complaint. Third, on December 6, 1985, the appellant filed a motion to dismiss the adversary action and a motion for relief from the automatic stay in order to sell the household goods. The appellee filed its response to these latter two motions on December 18, 1985. By letter dated January 30, 1986, the appellant suggested that the parties file briefs on the issue. The letter also indicated that if the appellant's motion to dismiss was denied, the appellant anticipated an opportunity to file an answer to the adversary complaint, and the letter demonstrates appellant's assumption that the adversary proceeding would continue through discovery, pretrial, and trial.

The bankruptcy court held a hearing on all three of these matters on January 30, 1986. In an order dated February 5, 1986, the court noted that the appellant's objection to exemptions and motion to dismiss the adversary action were interdependent, and the court gave both parties 15 days to file simultaneous briefs on the matters, advising the parties that a decision would be handed down shortly thereafter. The parties submitted detailed briefs and accompanying exhibits concerning the appellant's motion to dismiss the adversary action and its objection to exemptions. In its brief, both the appellant and the appellee also briefed the issue of turnover. On March 12, 1984, the bankruptcy court issued a Memorandum of Decision denying appellant's objection to exemptions. In its separate Order, the bankruptcy court gave judgment to appellee on his complaint for turnover of household goods, which necessarily resulted in a denial of appellant's motions to dismiss and relief from stay. The bankruptcy court's Order resulted from its decision that the appellee had "present possession" of the household goods pursuant to K.S.A. 60-2304(1) based on appellee's right to notice of sale, right to surplus, and right of redemption. K.S.A. 84-9-504, -506. This "legal interest" in the goods constituted constructive possession, which was sufficient "present possession" to permit appellee to exempt the goods under the Code. Thus, the court held that the appellee could exempt the property under 11 U.S.C. § 522 and that the appellant must turn it over to the trustee pursuant to 11 U.S.C. § 542.

The appellant raises several points on appeal. First, appellant claims that the bankruptcy court's summary disposition of the adversary proceeding was improper because it denied appellant of its day in court. Second, appellant objects to the bankruptcy court's finding of present possession. Third, the appellant claims that the household goods are not subject to turnover under 11 U.S.C. § 542(a). Last, the appellant claims that appellee has no authority to avoid the transfer of property to appellant.

The Kansas Bankers Association (KBA) joints in appellant's objection to the finding of present possession. Furthermore, the KBA claims that the appellee has no authority to assert the trustee's power to exempt the property. Because the bankruptcy court ordered the appellant to turn over the property, the court necessarily interpreted 11 U.S.C. § 542(a) as permitting a debtor to enforce the trustee's right of turnover. This statute reads as follows:

Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is

of inconsequential value or benefit to the estate.

The trustee is not seeking turnover in this case. In its *amicus* brief, the Kansas Bankers Association argues that only the trustee, not the debtor, has a right of relief under section 542(a).

## II. WHETHER THE LOWER COURT'S DISPOSITION OF THE ADVERSARY PROCEEDING WAS PROCEDURALLY ERRONEOUS

The appellant claims that the appellee's adversary complaint to recover property from appellant was adjudicated in derogation of the Bankruptcy Rules and the Federal Rules of Civil Procedure. Specifically, appellants object to not being allowed to file an answer, proceed with discovery, and conduct a trial on the matter. Appellee argues that any such rights were waived by appellant's failure to properly present these issues to the bankruptcy court.

■ The court agrees with appellant that the bankruptcy court followed an incorrect procedure in its disposition of the adversary case. Bankruptcy Rule 7001 states that an action to turn over property is an adversary proceeding governed by Part VII of the Bankruptcy Rules, which selectively incorporates the Federal Rules of Civil Procedure. Such an action is commenced by a complaint in accord with Rule 7003. The action then proceeds pursuant to the adopted Federal Rules of Civil Procedure, including service of process (Rule 7004), filing of an answer and other pleadings (Rules 7005–7012), conduct of discovery (Rules 7026–7037), etc.

In the present case, a complaint was filed and service was apparently accomplished, but no answer was ever filed. The parties then submitted briefs on the issues as if the matter was a simple motion, and the court decided the adversary proceeding on the sole basis of the written briefs. This was an improper method of procedure. Upon appellant's failure to file an answer within the prescribed statutory period, the appellee should have moved for default

judgment. In any event, the case should not have moved forward without an answer to the complaint, let alone gone to judgment without discovery, pre-trial proceedings, or a trial.

■ In any proceeding in which the bankruptcy court's failure to follow the prescribed procedure resulted in prejudice to one of the parties, this court would not hesitate to vacate the judgment and return the case for further proceedings in conformity with the Bankruptcy Rules. In the present case, however, the court finds that the bankruptcy court's procedural defects do not affect the substantial rights of the parties and thus constitute harmless error under Bankruptcy Rule 9005 and Federal Rule of Civil Procedure 61. First and of most importance, there does not seem to be any material issue of fact that the discovery process could have cured. The determinative issue before the bankruptcy court was a legal one: Did the appellee have present possession of the household goods pursuant to K.S.A. 60–2304(1)?

In its letter to the court on January 30, 1986, the appellant mentioned its understanding that the adversary proceeding would go through the normal stages of any civil case, but throughout the proceeding both the appellant and the appellee treated the issue as if it were a motion and not an adversarial case. After the January 30, 1986 letter, the bankruptcy court agreed to decide the entire matter upon simultaneous briefs submitted by the parties. Appellant proceeded to file a detailed brief, including several exhibits, all of which purported to address its "Motion to Dismiss and for Relief from Automatic Stay and its Objection to Debtor's Claimed Exemptions." Memorandum for the Defendant at 1, *Ferguson v. Central National Bank*, No. 85–40760, Adversary No. 85–0223 (Bankr.D. Kan., *unpublished*, Mar. 12, 1986). Its brief also discussed the subject matter of the adversary proceeding—turnover of the property to the trustee. *Id.* at 5–9. Several bankruptcy courts have noted that when the parties treat as a motion a matter that under the Code should be handled as an

adversary proceeding, the court will not raise the issue on its own initiative, but instead will proceed to decide the issue in conformance with the parties' conduct. *See In re American Ambulance Service, Inc.*, 46 B.R. 658 (Bankr.S.D.Cal.1985); *In re Davis*, 40 B.R. 934 (Bankr.D.S.D.1984). This court does not approve of this practice, but is compelled to disregard the procedural defects based on the harmless error rule.

It is difficult for this court to find sympathy for appellant in this regard, since it never answered appellee's complaint nor filed for the record any objection to the bankruptcy court's treatment of the case. Although this is an insufficient basis on which to deny its objections to the bankruptcy court's procedural deficiencies, the lack of any affect on appellant's substantial rights is a sufficient reason. There existed no issue of material fact. The issue to be decided at any trial was purely legal and thus a proper subject for summary judgment. Both parties adequately briefed the issues, and the court decided the matter as if on summary judgment. The appellant fails to show any real prejudice that it suffered as a result of the bankruptcy court's conduct of the case. Therefore, the court finds that appellant's argument on this point is without merit.

III. WHETHER "PRESENT POSSESSION" ENCOMPASSES DEBTOR'S RIGHT OF REDEMPTION OF REPOSSESSED PROPERTY IN THE HANDS OF A SECURED CREDITOR

(A) *Bankruptcy Court's Conclusions*

The Bankruptcy Court held that the term "in the person's present possession" as used in K.S.A. 60–2304(1) included repossessed goods held by a creditor for which the debtor retained a right of redemption. The court's holding was based on the following:

(A) Property in the hands of a creditor that was repossessed prior to the filing of bankruptcy has been held to be property of the estate;

(B) A change of statutory language from "on hand" to "in the person's present possession" was a mere technical change (although neither the court nor the appellee have indicated what the Kansas courts' or bankruptcy courts' prior interpretation of "on hand" was);

(C) Because the appellee retained a "legal interest" in the repossessed goods, his rights constituted constructive possession sufficient to satisfy K.S.A. 60–2304(1).

■ Pursuant to the standards for review of bankruptcy court decisions, it is appropriate for this court to review legal determinations *de novo*. Neither the bankruptcy court nor any party has offered any binding precedent for determining the meaning of "in the person's present possession." Thus, this court has reviewed case authority from several jurisdictions in search of the most reasonable interpretation of that phrase.

■ The bankruptcy court first relied on cases in which courts have held that repossessed goods are part of the bankruptcy estate. The bankruptcy court and both parties cited *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) as supporting their respective positions. The Supreme Court in *Whiting Pools* held that the Chapter 11 reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of the petition for reorganization. Reliance on the case in the present situation is inappropriate. The most obvious distinction is that the *Whiting Pools* Court was determining the extent of a Chapter 11 estate pursuant to federal law. In the present situation, the scope of exempt property under Chapter 7 is being determined pursuant to Kansas law. The present case and *Whiting Pools* involved two entirely distinct statutes, different both in scope and in policy. However, *Whiting Pools* contains persuasive language on several issues in this case.

*Whiting Pools* involved the I.R.S.'s seizure of a company's tangible operating

equipment pursuant to a levy for delinquent tax payments. The Supreme Court relied on both statutory interpretation and the policy considerations behind reorganization in arriving at its holding. The Court found that 11 U.S.C. § 541(a)(1), which provides that the "estate is comprised of all the following property, wherever located: ... all legal or equitable interests of the debtor in property as of the commencement of the case," was intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. *Id.* at 204–05, 103 S.Ct. at 2313–14. One such provision was 11 U.S.C. § 542(a), which required a creditor holding any property of the debtor that the trustee can use to turn that property over to the trustee. *Id.* at 205, 103 S.Ct. at 2313–14. In this respect, the Supreme Court reached its holding through pure statutory interpretation of a law that was expressly designed to include in the Chapter 7 bankruptcy estate virtually any property in which the debtors had any sort of interest. Certainly, such a statute is not involved in the present case.

Supporting the Supreme Court's statutory interpretation was the policy behind reorganization bankruptcy. "Congress presumed that the assets of the debtor would be more valuable if used in a rehabilitated business than if 'sold for scrap.' ... Thus, to facilitate the rehabilitation of the debtor's business, all the debtor's property must be included in the reorganization estate." *Id.* at 203, 103 S.Ct. at 2313. Reorganization bankruptcy entails a major philosophical distinction as opposed to straight bankruptcy under Chapter 7. The Supreme Court expressly recognized this difference and stated that it had no view on whether § 542(a) has the same broad effect in other non-Chapter 11 bankruptcy proceedings. 462 U.S. at 209 n. 17, 103 S.Ct. at 2315 n. 17.

Moreover, the Supreme Court in *Whiting Pools* used language that actually contradicts the bankruptcy court's determination in the present case. First, the Court noted several statutes that "bring in to the estate property in which the debtor *did not have a possessory interest* at the time the bankruptcy proceedings commenced." *Id.* at 205, 103 S.Ct. at 2313–14 (emphasis added). Absent specific statutory authority to include in the estate property in which the debtor did not have a *possessory interest,* the Court could not have taken property from the hands of a creditor. The Court expressly recognized this in a footnote. *Id.* at 206 n. 13, 103 S.Ct. at 2314 n. 13. The Supreme Court also emphasized that it could find no limitation "requiring that the debtor hold a possessory interest in the property at the commencement of the reorganization proceedings." *Id.* at 206, 103 S.Ct. at 2314. The Court thus indicated that such a limitation is not only possible, but also enforceable.

Second, the Supreme Court expressly noted that in the particular setting of reorganization proceedings, section 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor prior to filing bankruptcy. In this respect, "[t]he Bankruptcy Code provides secured creditors various rights, including the right to adequate protection, and these rights replace the protection afforded by possession." *Id.* at 207, 103 S.Ct. at 2315. "Adequate protection" is a term of art used to describe a creditor's continuing rights in property in which it holds a security interest in the debtor's property. 11 U.S.C. § 363(e). This does not apply to Chapter 7 bankruptcy, as to which Congress has provided no similar substitute for the protection afforded by possession. Thus, the tenor of the *Whiting Pools* opinion does *not* support an expansive reading of "in the person's present possession," especially in a Chapter 7 non-reorganization context.[*]

The bankruptcy court next relied on its determination that the change from "on

---

[*] The other case relied upon by the bankruptcy court, *In re Attinello,* 38 B.R. 609 (Bankr.E.D.Pa. 1984), also involved reorganization bankruptcy (Chapter 13), and that court expressly relied on this context in following *Whiting Pools. Id.* at 611.

hand" to "in the person's present possession" was merely technical and was not meant to add a requirement that the exempt household goods be located in the debtor's residence. Although the *amicus* brief contains some old Kansas case law interpreting "on hand," it is impossible to determine exactly what sort of change the legislature intended. The scant legislative history submitted by the parties is inconclusive. This court agrees, however, that the new language does not require that the goods be physically located ·at the debtor's residence. The impact of this finding on the present case will be addressed below.

Finally, the bankruptcy court found that the legal right of redemption of the repossessed goods constituted constructive possession sufficient · to qualify the goods as "in the person's present possession" under K.S.A. 60–2304(1). The court will begin its legal findings with a discussion of this holding.

### (B) *Meaning of "in the person's present possession."*

The bankruptcy court misapplied the phrase "present possession" in arriving at its conclusion. In the present situation, the debtor's "right of redemption" under K.S.A. 84–9–506 (1983) is merely a technical right at best, and an illusory right at worst. First, this right does not belong exclusively to the debtor; the right of redemption is given to the primary obligor, any third party who may be liable as a guarantor, and any subordinate secured creditor who is aware of the foreclosure. If these other parties had a stake in the present case and they too went bankrupt, would all of them have constructive possession of the property? Moreover, this right is not assured the debtor for any statutory length of time—if the creditor is fortunate enough to have a buyer and thus immediately dispose of the property, the debtor's "right" is forever lost. *See id.*

Second, in order to redeem the repossessed property, the debtor must tender fulfillment of the *entire* obligation secured, together with expenses. *See* Kansas Commence, K.S.A. 84–9–506 (1983). As to a debtor who has filed bankruptcy only several months after borrowing a large sum of money from a bank, a substantial amount of which remains unpaid, this is indeed an illusory right, and certainly not one sufficiently tangible to constitute "present possession." However, even this rationale pales in light of the rules of statutory construction which refute the bankruptcy court's holding.

When the Kansas legislature chose to prohibit taking any of the exemptions listed in the Bankruptcy Code and instead provided its own exemption, it had the freedom to choose any rational exemption it desired. The legislature chose to exempt household goods "in the person's present possession." It could have used borrowed language from the Bankruptcy Code and chosen to exempt property in which the debtor has *any* legal or equitable interest. The legislature could also have exempted any property that the debtor constructively or actually possessed, which would have better supported the bankruptcy court's conclusion. Section 60–2304(1), however, does not contain such language. Although not requiring that the property be within the actual physical possession of the debtor, the statute creates an explicit limitation that the debtor hold some kind of present possessory interest in the property at the commencement of bankruptcy proceedings. This is the only reasonable reading, and any other would compromise statutory construction rules. Along this line, the court recognizes numerous cases supporting the finding that a debtor's goods in the hands of a secured creditor are not sufficiently within the constructive possession of the debtor to require turnover to the trustee. *See, e.g., Flournoy v. City Finance of Columbus, Inc.,* 679 F.2d 821 (11th Cir. 1982); *In re American Southern Publishing Co.,* 426 F.2d 160 (5th Cir.), *cert. denied,* 400 U.S. 903, 91 S.Ct. 141, 27 L.Ed.2d 140 (1970). Although every case the court has found is distinguishable because different facts or statutes were involved, these cases support the general notion that

"present possession" requires some present possessory interest.

The absence of a strong policy under Chapter 7 bankruptcy favoring exemption of repossessed property in the hands of a creditor further militates against an extremely broad interpretation of "present possession." While affording the estate of a debtor who is attempting *reorganization* the broadest scope of avoidance powers fulfills Congressional intent, a Chapter 7 debtor deserves no comparable presumptions absent statutory authority, a fact that the United States Supreme Court implicitly recognized in *Whiting Pools.*

The State of Kansas is, of course, free to place any interpretation on its statutes that it desires, and this court will adhere to that interpretation. Until the legislature changes the wording of the statute or the Kansas courts expand the meaning of present possession to include the relevant household goods in this case, however, this court is bound by reasonable rules of statutory construction. The court finds that the repossessed goods in the hands of the appellant are not in the present possession of the appellee. Therefore, these goods are not property that the appellee may exempt under 11 U.S.C. § 522 through the use of K.S.A. 60–2304(1). The court finds it unnecessary to address the remaining arguments made by the appellant and the KBA. Specifically, the court declines to decide whether a Chapter 7 debtor has standing to enforce the provisions of 11 U.S.C. § 542(a).

IT IS BY THE COURT THEREFORE ORDERED that the decision and accompanying order of the bankruptcy court in Case No. 85–4076, Adversary Proceeding No. 85–0223, decided March 12, 1986, be reversed, and that judgment on the debtor's complaint be entered for the appellant. IT IS FURTHER ORDERED that the appellant's objection to the appellee's exemptions be granted. IT IS FURTHER ORDERED that the stay be lifted as to the goods involved in this matter.