**In re Marcus Wayne VANN, Stephanie Joy Vann, Debtors.**

**Bankruptcy No. 93–12063.**

United States Bankruptcy Court, D. Kansas.

April 11, 1994.

Donald B. Clark, Wichita, KS, for debtors.

Christopher W. O'Brien, Robbins, Tinker, Smith & Tinker, Wichita, KS, for Century Finance.

### ORDER DENYING DEBTORS' MOTION TO AVOID LIEN OF CENTURY FINANCE

JOHN K. PEARSON, Bankruptcy Judge.

In the above captioned case the debtors sought to avoid the security interest of Century Finance on a 1980 Ford pickup truck, attached snow plow, and sixteen-foot trailer. Century Finance objected. Debtors appear by Donald B. Clark of Wichita, Kansas. Century Finance appears by Christopher W. O'Brien of Robbins, Tinker, Smith & Tinker, Wichita, Kansas.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

### NATURE OF CASE

The debtors sought to avoid the lien on a 1980 Ford pickup truck, attached snow plow,

and a sixteen-foot trailer used in the debtors' snow plowing and lawn care business under 11 U.S.C. § 522(f). As the creditor had obtained possession of the collateral through judicial process in Kansas state court prior to the petition in bankruptcy and the motion for lien avoidance, the Court denies the motion. The plain language of 11 U.S.C. § 522(f) does not permit the avoidance of a possessory security interest.

## FACTS

The parties have stipulated to the facts and they are not in dispute. The Court incorporates by reference the parties' stipulation. The essential facts are that the debtors granted Century a nonpossessory, nonpurchase money security interest in the truck and trailer in 1991. Debtors became delinquent on their payments and Century sued in Sedgwick County, Kansas district court. Judgment was entered against the debtors in February 1993. In August 1993, Century repossessed the collateral under state court order and has retained it since then.

On August 11, 1993, after Century repossessed the truck, the debtors filed a voluntary petition under Chapter 13. In December 1993 the debtors filed this motion to avoid the Century's lien under 11 U.S.C. § 522(f).

## DISCUSSION

This proceeding turns solely on the construction of the federal Bankruptcy Code's provisions relating relating to lien avoidance. Under 11 U.S.C. § 522(f), a debtor may avoid a nonpossessory, nonpurchase money security interest in the tools of the debtor's trade. The sole issue here is whether the nonpurchase money security interest was "possessory" at the time of the bankruptcy filing and the subsequent lien avoidance. The answer is clearly, "No." Although the debtors suggest that the judicial repossession of the collateral was involuntary, the Code plainly states that the debtor may only avoid *nonpossessory* security interests. Once the creditor has reduced its the collateral to its possession, lien avoidance is

no longer permitted. *In re Ferguson*, 67 B.R. 246 (D.Kan.1986).

There is no question that the debtors may exempt tools of the trade under Kansas law and that issue is not before the Court. The sole issue is the construction of 11 U.S.C. § 522(f) and the meaning of the word "nonpossessory" as used in that statute. The statute is unambiguous and resort to legislative history to define congressional intent or, indeed, to determine the "purpose" of the statute is not proper. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in 'rare cases [in which] the literal application will produce a result demonstrably at odds with the intentions of its drafters.' " *Id.* at 242, 109 S.Ct. at 1031, quoting *Griffin v. Oceanic Contractors Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)); *Ute Distribution Corp. v. United States*, 938 F.2d 1157 (10th Cir. 1991) ("[w]hen statutory language is unambiguous, the plain language controls...." *Id.* at 1162). Resort to extraneous sources to construe a statute is necessary only when the statute is ambiguous. *See Ron Pair Enterprises, supra.* Here, "nonpossessory" could hardly be more plain. The statute is clear that the debtor may only avoid those security interests where the debtor, not the creditor, retains possession of the collateral. This is the overwhelming majority construction of this statute. *See In re Ferguson*, 67 B.R. 246 (D.Kan.1986); *In re Sanders*, 61 B.R. 381 (Bankr.D.Kan.1986); *In re Shepler*, 78 B.R. 217 (Bankr.W.D.Wis.1987); *cf. In re Challinor*, 79 B.R. 19 (Bankr.D.Mont.1987) (where the security agreement does not list repossession as a remedy for default, creditor does not have a possessory interest in the collateral); *contra Norton Bankruptcy Law and Practice 2d* § 46:24 n. 12 (stating that "[m]ost courts hold that a security interest does not become possessory ... when the creditor takes possession of the collateral following default," but citing an equal number of cases as contra authority). Debtors' counsel has managed to find two cases which conclude somehow that the purpose of the statute would be frustrated by permitting repossession on the eve of bankruptcy. *In re*

*Meadows,* 75 B.R. 357 (W.D.Va.1987); *In re Schultz,* 101 B.R. 68 (Bankr.N.D.Iowa 1989). In both cases the courts reached beyond the clear meaning of the statute to give collateral back to the debtor under the theory that somehow the purpose of the statute was to frustrate a secured creditor's rights to repossess the property. Indeed, in *Meadows,* the court stated: "It was not a possessory security interest and subsequent repossession of the collateral does not alter this status for the purposes of § 522(f)." Debtors' argument that somehow the fact that the original security interest did not give the creditor possession and, therefore, repossession of the collateral through state court action did not alter the original nonpossessory security interest borders on frivolous. The statute could not be clearer: It permits a creditor to protect itself by obtaining possession of property. Once the creditor has done so, the debtor may no longer avail himself of 11 U.S.C. § 522(f) and avoid the now possessory security interest. To construe the statute otherwise would read the "nonpossessory" language out of the statute, permitting a debtor to avoid any nonpurchase money security interest in tools of the trade.

NOW THEREFORE, IT IS ORDERED that the debtors' motion for lien avoidance is overruled.