**In re Daniel W. KINNEMORE and Kelly S. Kinnemore, Debtors.**

**Bankruptcy No. 95–00027.**

United States Bankruptcy Court, D. Idaho.

May 8, 1995.

D. Bernard Zaleha, Boise, ID, for debtors.

Jeffrey G. Howe, Asst. U.S. Trustee, Boise, ID.

David G. Ballard, Churchill Law Offices, Boise, ID, for American Property Management, Inc.

John Krommenhoek, Trustee, Boise, ID.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

Debtors Daniel and Kelly Kinnemore filed for Chapter 7 relief on January 5, 1995. They have now filed a motion to avoid the lien of Creditor American Property Management, Inc. pursuant to Section 522(f) of the Bankruptcy Code in certain household furnishings and goods ("property") and also for the return of the property, all of which items are now in the possession of Creditor.

The Court conducted a hearing on the motion on April 18, 1995. This Memorandum constitutes the Court's findings of fact and conclusions of law. F.R.B.P. 7052.

*Facts.*

Debtors entered into a lease of residential property from Creditor in August, 1994. The lease agreement contains the following language:

> The Agent shall have a lien upon the baggage and other personal property of the tenant for rent, accommodations, and services and tenant hereby grants to Agent a lien on all personal property brought in or on said premises. Agent may enforce said lien by entering said premises and removing possessions contained therein and storing same at Tenant's expense....

Debtors failed to make payments under the lease. Creditor at some point entered the leased premises and removed Debtors' television, V.C.R. and stereo equipment.[1] Creditor thereafter also obtained a default judgment against Debtors in state court on November 17, 1994, for $2,424.10. Debtors have claimed the property repossessed by

---

1. Debtors claim that Creditor's entry on the premises and taking of their property was unlawful and accomplished without their consent. At the conclusion of the hearing, the Court determined it would first decide the legal issues discussed below, and would decide the issue of whether the taking of possession of the items of property was lawful if necessary at a later time. Such a determination will not be necessary, and for purposes of this decision the Court assumes without deciding that Creditor has lawful possession of Debtors' property.

Creditor as exempt household furnishings and appliances under Idaho Code § 11–605(1)(a).

Therefore, the issue presented is whether Creditor's lien in the Debtors' goods is avoidable under these circumstances.

*Analysis.*

Section 522(f)(1) of the Bankruptcy Code allows the Debtors to avoid the lien of Creditor if the lien impairs an exemption to which the Debtors are entitled, to the extent it impairs such exemption, if such lien is a nonpossessory, nonpurchase-money security interest.[2] Creditor argues that the property in question is not exempt; that even if it is exempt, the exemption is subject to Creditor's claim under applicable state law; and that because Creditor had possession of the property when Debtors filed for bankruptcy relief, Section 522(f)(1) is not available to Debtors.

 Creditor first contends that a television, stereo and VCR are not exempt as a matter of law as "reasonably necessary" household furnishings or appliances. While Creditor did not object to Debtors' claim of exemptions previously, Creditor may litigate the validity of the claimed exemptions in defense of Debtors' motion to avoid its lien on the property. *In re Morgan,* 149 B.R. 147, 151–152 (9th Cir. BAP 1993). However, Creditor's argument runs contrary to the long-standing rulings of this Court recognizing that these kinds of items may be exempted as reasonably necessary household appliances. *In re Biancavilla,* 94 I.B.C.R. 150, 151; *In re Akerman,* 91 I.B.C.R. 26, 27. Accordingly, Creditor's position lacks merit.

Creditor next argues its lien is not avoidable because this property, even if otherwise exempt, is subject to its claim pursuant to Idaho Code § 11–607(1)(a)(5), which provides:

(1) Notwithstanding other provisions of this act:

(a) A creditor may make a levy against exempt property except property described in section 11–603, Idaho Code, to enforce a claim for:

5. Rent for any kind of dwelling place;

. . . . .

This statute excludes certain exempt property from protection if levy is made upon the property by a creditor holding a claim for unpaid dwelling rent. Creditor argues that it took possession of the goods to enforce its claim for unpaid dwelling rent. What, then, is the effect of § 11–607 in relation to the Bankruptcy Code's lien avoidance provisions?

The Supreme Court has addressed whether a state may define exempt property in such a way as to specifically exclude protection against specific types of creditor claims in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). The Court held that in order to determine the application of Section 522(f) of the Code, this Court should inquire whether the lien impairs an exemption to which Debtors would have been entitled "but for" the lien in question. *Id.,* 500 U.S. at 309–10, 111 S.Ct. at 1836. In other words, "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien." *Id.* at 312–13, 111 S.Ct. at 1837. In *Owen,* the Court decreed that a judicial lien could be avoided even though the lien could be enforced under state law because it attached to the debtor's property before the property became exempt. Since the debtor's property would have been exempt under the state laws were it not for the creditor's lien, the lien was avoidable under Section 522(f) of the Code.

 This same analysis is also appropriate in the present case. Were it not for Credi-

---

**2.** Section 522(f)(1) provides:
(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(A) a judicial lien, ... or
(B) a nonpossessory, nonpurchase-money security interest in any—
(i) household furnishing, household goods, ...

tor's lien, Debtors would be entitled to an exemption in the items pursuant to Idaho Code § 11–605(1)(a).

Therefore, under the Supreme Court's instructions, the Idaho statute does not protect Creditor's lien from avoidance under the Bankruptcy Code.

■ Creditor's third argument is more difficult. Creditor contends that because it took possession of Debtors' property prior to bankruptcy, such renders its lien "possessory" and, thus, outside the scope of Section 522(f)(1)(B)(i). Recall, this statute allows avoidance of a lien *only* if such lien is a nonpossessory security interest. Unfortunately, the Code does not define the term "nonpossessory", and so resolving this issue requires resort to other authorities.

Creditor's position has considerable support. There is case law that holds that when a party with a nonpossessory security interest takes lawful possession of the property after a contractual default, the party's security interest is converted to a possessory one, and is not subject to lien avoidance. *In re Vann*, 166 B.R. 167 (Bankr.D.Kan.1994); *In re Shepler*, 78 B.R. 217 (Bankr.D.Wis.1987); *In re Sanders*, 61 B.R. 381 (Bankr.D.Kan. 1986). *But see, In re Challinor*, 79 B.R. 19 (Bankr.D.Mont.1987) (security interest remains nonpossessory when the security agreement did not include repossession among listed remedies and the creditor took possession by execution upon a judicial lien).

Other cases hold that in order to constitute a security interest "possessory", the parties must agree that possession of the collateral be transferred to the creditor at the inception of the contract, such as through the typical pledge. *In re Schultz*, 101 B.R. 68, 71 (Bankr.N.D. Iowa 1989); *In re Meadows*, 75 B.R. 357 (W.D.Va.1987). One commentator describes the holding of these cases as follows:

A security interest is nonpossessory unless the parties have deliberately created a pledge, that is, it is possessory only if they structured the secured transaction so that the secured party would hold the collateral. The key is "how the lien initially attached and became enforceable against the debtor." If possession before default rightfully belonged to the debtor, the interest is nonpossessory and remains so even if the secured party rightly takes possession upon default to enforce the interest.

2 Epstein, Nickles & White, Bankruptcy, § 8–25 (1992) (footnotes omitted) *quoting Meadows*, 75 B.R. at 360.

While it is certainly not altogether clear,[3] this Court is persuaded to adopt the approach taken by *Meadows* and other cases holding that if a security interest is originally intended by the parties to be nonpossessory, that it does not change its character when the creditor takes possession of the collateral to enforce its lien on default.

■ Section 522(f) was obviously intended by Congress to be limited in scope with its operative focus being the nature of the lien held by a given creditor. In other words, not all liens on otherwise exempt property could be subject to avoidance, only certain types of nonpossessory security interests. Where a debtor gives possession of the collateral to the creditor at the inception of the credit transaction, Congress could rightfully assume possession of the collateral by the debtor was not necessary in debtor's daily business or affairs. It is this fact that this Court concludes was the Congressional motivation for protecting the creditor's lien, and which defines the narrow scope of the avoidance powers. This legislative intention is frustrated, though, if protection is also extended to any creditor taking possession of collateral to enforce a lien upon default.

■ It is not significant that the Debtors and Creditor "agreed" that the creditor could take possession of the collateral upon default. Every "security interest" is, by Bankruptcy Code definition, the product of agreement.

---

**3.** The Court is at a loss to understand how some feel this issue can be decided based upon the "plain language" of Section 522(f)(1)(B). See *Vann*, 166 B.R. at 168 ("Here, 'nonpossessory' could hardly be more plain."). The term "non-

possessory" is only meaningful in relation to the point in time at which the determination is to be made, i.e. either at the inception of the security interest, or when the creditor takes possession.

11 U.S.C. § 101(50). In addition, as a matter of practice, most all security agreements grant the secured party the right to take possession of collateral upon default to enforce the lien, a right which is also provided by the Uniform Commercial Code even in the absence of a specific contract provision to such effect. *See* Uniform Commercial Code § 9-503 (1977); Idaho Code § 28-9-503. As a result, effectively any security interest can escape avoidability in bankruptcy where the creditor is quick to repossess. Consequently, the scope of Section 522(f) is restricted greatly by defining "possessory" in such a fashion.

This policy also encourages secured creditors to repossess first, and negotiate later. By the same token, such a rule motivates debtors to file a bankruptcy petition quickly in order to preserve avoidance rights. This approach hardly promotes discussion, workouts and nonbankruptcy solutions, and sends an odd message to debtors and creditors. To this Court, such a ruling would upset the balance Congress seems to have intended under Section 522(f).

Here, at most, the parties intended any rights granted to Creditor to take possession of Debtors' property solely as an enforcement device and only in the event of a default, not as a means of creating or perfecting Creditor's lien in the first instance. Because this Court believes it should focus on the nature of the lien in question, and not on the conduct of the parties, the Court finds that Creditor's security interest is nonpossessory, and therefore avoidable by the Debtors under Section 522(f).

*Conclusion.*

While Creditor's arguments are resourceful, they do not persuade the Court to protect its lien in this case. By separate order, Debtors' Second Motion to Avoid Lien and Motion for Return of Property will be granted.