**In re Kevin Wayne WHITE, Debtor.**

**Bankruptcy No. 596–50686–7.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Dec. 19, 1996.

---

**614**

Max R. Tarbox, Lubbock, TX, for Debtor.

Marc McBeath, Sweetwater, TX, for the Bank.

Floyd D. Holder, Chapter 7 Trustee, Lubbock, TX.

### MEMORANDUM OF OPINION ON LIEN AVOIDANCE

JOHN C. AKARD, Bankruptcy Judge.

The Debtor, Kevin Wayne White, seeks to avoid the lien of the First National Bank of Haskell (Bank) on equipment repossessed but not sold at foreclosure sale prior to the Debtor's bankruptcy.[1] The court finds that the lien should be avoided.

### FACTS

The court adopts the following stipulations of the parties:

1. On May 31, 1995, the Debtor borrowed $185,310 from the Bank as evidenced by Note No. 14910. On the same day, the Debtor borrowed $152,000 from the Bank as evidenced by Note No. 14911. The notes gave the bank a security interest in the Debtor's farm equipment and a list of equipment was attached to each note.

2. The notes provided that if the Debtor defaulted the Bank "may take possession of the secured property and sell it as provided by law."

3. On February 13, 1991, the Bank filed a UCC–1 financing statement, No. 91–026258, covering farm equipment "now or hereafter acquired." On October 23, 1995, the Bank filed a UCC–3 continuation statement.

4. On April 29, 1996 the Bank took a judgment against the Debtor for funds owing on the notes in the principal amount of $185,310 and $17,327.58 of prejudgment interest on Note 14910, and $152,034.77 principal and $1,041.34 of prejudgment interest on Note 14911. The judgment found that the Bank had a valid security interest in and lien on the Debtor's farm equipment, awarded the Bank possession of the equipment, and deemed the Bank's security interest foreclosed.

5. The Bank took possession of the Debtor's equipment during the latter part of April, 1996.

6. The Debtor filed his Chapter 7 petition on June 20, 1996. He formerly farmed in Haskell County, Texas. Currently he works as an agricultural equipment

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B), and (K).

salesman in Seminole, Texas. The Debtor owns 25 acres with a house and two barns near the Lamesa Highway outside of Seminole, Texas. He intends to farm the acreage.

7. The Debtor's Schedule of Exemptions claimed $5,000 worth of farm equipment and implements as exempt. The value of all the equipment securing the bank's lien was scheduled at $99,550 but it was encumbered by a lien in an amount exceeding its value. The Bank had an auction sale scheduled for June 21, 1996. The Debtor arranged for the immediate appointment of a Trustee. On June 20, 1996 the Debtor, through his attorney, notified the Bank and the Trustee, Floyd Holder, that he would not oppose the sale as long as certain designated equipment was withheld from the sale. The Bank and the Trustee agreed and the sale of the other equipment took place as scheduled.

8. On June 21, 1996 the Debtor filed his Motion to Avoid the bank's lien against the following equipment:

6 ton cattle feeder valued at $50

20 ft. cattle trailer valued at $800

1000 gallon diesel tank valued at $50

7 yard dirt scrapper (sic) valued at $300

21 ft. field cultivator valued at $200

16 ft. red hog trailer valued at $1000

30 ft. gooseneck implement trailer valued at $1000

Moline U302 tractor valued at $500

Big 12 trailer chassis valued at $100

Lincoln welder with trailer valued at $1000

for a total of $5,000.

9. The total personal property the Debtor claimed as exempt did not exceed the $30,000 personal property exemption allowed by the Texas Property Code.

10. At the time the Debtor filed his petition, he owed the Bank $165,417.08 on Note No. 14910 and $128,789.87 on Note No. 14911.

## ISSUE

The issue before the court is whether the Debtor may avoid the Bank's lien on the listed farm equipment as a nonpossessory nonpurchase-money security interest in exempt property.

## POSITIONS OF THE PARTIES

The Debtor contends that the Bank's lien on the repossessed equipment is a nonpossessory security interest. The Bank asserts that its lien is possessory since it has a judgment awarding it possession of the property. Therefore, it contends that the Debtor cannot avoid the lien pursuant to § 522(f) of the Bankruptcy Code.[2] The Bank concedes that the listed equipment would otherwise be exempt to the Debtor.

## STATUTE

§ 522 reads in pertinent part:

(f)(1) Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(B) a nonpossessory, nonpurchase-money security interest in any—

(ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor

. . . .

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien,

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value

---

**2.** The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

. . . .

(3) In a case in which State law that is applicable to the debtor—

. . . .

(B) either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property; the debtor may not avoid the fixing of a lien on an interest of the debtor or a dependent of the debtor in property if the lien is a nonpossessory, nonpurchase-money security interest in implements, professional books, or tools of the trade of the debtor or a dependent of the debtor or farm animals or crops of the debtor or a dependent of the debtor to the extent the value of such implements, professional books, tools of the trade, animals, and crops exceeds $5,000.

## DISCUSSION

The court notes that case law is divided on whether a nonpossessory, nonpurchase money lien loses its nonpossessory character when the property is in the possession of a judgment creditor. The Fifth Circuit has not addressed this issue. Thus, the court will follow those courts which look to the intent of the parties at the time they entered into the lien as the more persuasive decisions.[3]

In *Meadows v. Farmers & Merchants Nat'l Bank (In re Meadows)*, 75 B.R. 357 (W.D.Va.1987), the debtors moved to avoid liens held by the bank in dairy cattle and equipment which the bank had repossessed. *Id.* at 358. The debtors claimed the bank's

lien was nonpossessory because it arose not by possession, but by the terms of a written security agreement. *Id.* at 359. The bankruptcy court denied the motion on the grounds that the bank had repossessed prior to the bankruptcy filing and the repossession was in accordance with the security agreement, which provided that it could take possession of the collateral at any time on demand. *Id.* The district court reversed. In so doing, it looked to the legislative history of § 522 as enacted as part of the Bankruptcy Reform Act of 1978. Pub.L. No. 95–598, 92 Stat. 2549, 2589 (1978). *Id.* at 360.

The court quoted from the House Report: [T]he bill gives the debtor certain rights not available under current law with respect to exempt property. . . . The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy.

. . . .

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of non-purchase money security interests in household goods.
*Id.*

The court reasoned that "[i]f creditors could obtain a 'possessory' interest under the statute simply by repossessing the collateral, they would do so as a matter of course, frustrating the purpose of the statute." *Id.* The *Meadows* court concluded that it should direct its inquiry under § 522(f) to the way in which the lien originally attached and became enforceable against the debtor. *Id.* The *Meadows* court found that the Bank's security interest attached and was enforceable because of the parties' security agreement. That security interest was not possessory at that time and its nature was unchanged by the Bank's subsequent repossession. *Id.* at 360–361.

The United States District Court for the District of Kansas agreed with the court's

---

**3.** Some courts hold that the nonpossessory nature of the creditor's security interest could change once the creditor took possession of the collateral. See, e.g. *Ferguson v. Central Nat'l Bank (In re Ferguson)*, 67 B.R. 246 (D.Kan.1986).

(This case was later distinguished by U.S. District Judge Kelly in his decision *In re Vann, supra*). See also *In re Shepler*, 78 B.R. 217 (Bankr. W.D.Wis.1987); *In re Sanders*, 61 B.R. 381 (Bankr.D.Kan.1986).

conclusion in *Meadows. In re Vann,* 177 B.R. 704, 710 (D.Kan.1995). The court also quoted extensively from *In re Schultz,* 101 B.R. 68, 71 (Bankr.N.D.Iowa 1989) as follows:

> [I]n order to create a possessory interest not avoidable by 11 U.S.C. § 522(f)(2)(B), there must be an agreement between the parties that the secured party will possess the collateral and pursuant to that agreement the secured party must possess the collateral. Possession must be a function of the agreement. Possession may be by the original security agreement or by a subsequent agreement.
>
> Where the parties originally enter into a nonpossessory security agreement perfected by filing, a clause giving the secured party right to possess the collateral upon default does not render the security interest possessory within the meaning of 11 U.S.C. § 522(f)(2)(B) where the secured party repossesses the equipment by self-help or by judicial action. 177 B.R. at 710.

*In re Kinnemore,* 181 B.R. 516 (Bankr.D.Idaho 1995) also followed *Meadows* and other cases holding that if a security interest is originally intended by the parties to be nonpossessory, its character does not change when the creditor takes possession of the collateral to enforce its lien upon default. *Id.* at 519.

## CONCLUSION

The court holds that the lien held by the Bank is a nonpossessory, nonpurchase money lien. To hold otherwise would subvert Congress' expressed intent that the debtors be entitled to their exemptions, even though the creditor should beat them in the race to the courthouse.[4] Therefore, the Bank's lien on the listed farm equipment is avoided.

ORDER ACCORDINGLY.[5]

---

4. H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6087.

5. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED.